## Bemis Minor

*R. Peter Ericson,* for petitioner.
*Frances H. DelDuca,* contra.

SHUGHART, *P. J.,* July 22, 1975.—On application of her mother, the Commonwealth National Bank was appointed guardian of Allison Marie Bemis, a minor, on May 28, 1975. The petition related that the appointment of a guardian was necessary because the minor was entitled to receive certain assets as beneficiary of the estate of her late father, Patrick James Bemis.

On application of Paul F. Bemis, father of decedent, a rule was issued to show cause why Commonwealth National Bank should not be removed as guardian of the minor; the rule was returnable and heard on July 16, 1975.

The father of decedent contends that the corporate fiduciary should be removed and that he should be substituted therefor on the basis of elections in insurance policies on the life of decedent whereby decedent chose his father as contingent beneficiary and otherwise indicated that he be selected guardian for

Allison. Section 5131 of the Probate, Estates and Fiduciaries Code of June 30, 1972, P. L. 508 (No. 164), as amended, 20 Pa. C.S. §5131, provides that the grounds for removal of a guardian shall be as set forth in section 3182 of the code. We have considered this section of the code and find that it contains nothing which would warrant the removal of the guardian in this case.

The application for appointment of a guardian was submitted by the natural mother with whom the minor resides, as provided by Supreme Court, Orphans' Court Rules, Rule 5, section 12. At the hearing, the mother stated that she prefers a corporate guardian. She stated that had she desired an individual guardian, she would have selected her own father, the maternal grandfather of the minor, a retired marine colonel and public school teacher who would be eminently qualified. Nothing appears from the record to indicate that her selection of Commonwealth National Bank was improper. There being no grounds for removal, the appointment will not be disturbed.